887 F.2d 1094
 13 U.S.P.Q.2d 1413
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ZMI CORPORATION, Plaintiff/Appellant,
v.
PHYSIO-CONTROL CORPORATION, Defendant/Cross-Appellant.
 Nos. 89-1112, 89-1113.
 United States Court of Appeals, Federal Circuit.
 Sept. 5, 1989.
Rehearing Denied Nov. 22, 1989.
 
 Before NIES, MAYER and MICHEL, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 ZMI Corporation appeals from the final judgment of the United States District Court for the Western District of Washington, No. C86-726WD, slip. op. (September 30, 1988), holding that Physio-Control Corporation (PC) did not infringe claims 1, 6, 12, 14, 15, 16, 19 and 20 of United States Patent No. 4,349,030 (the '030 patent) owned by ZMI. PC cross-appeals seeking to uphold the judgment on the ground that the '030 patent was invalid under 35 U.S.C. Secs. 103 and 112 (1982). We affirm the district court's judgment on the basis of noninfringement and vacate its rulings on validity.
 
 OPINION
 Appeal No. 89-1112
 
 2
 The district court correctly held that to prove infringement, ZMI had to show that "every limitation of ZMI's patent claims can be found in the accused Physio-Control's devices either literally or equivalently." See ZMI v. Cardiac Resuscitator Corp., 844 F.2d 1576, 1582, 6 USPQ2d 1557, 1562 (Fed.Cir.1988). The district court found that the constant current pulses, required by all the asserted product and method claims, and the truncated exponential current pulses used in the PC device are well-known different types of cardiac pacing pulses and, thus, there was no literal infringement. Slip op. at 29-30. We agree. To hold otherwise, we would be reading the limitation "constant" out of the claim. ZMI has not convinced us that the court erred in its claim interpretation or in finding that the claim does not "read on" the PC device with respect to that limitation. For literal infringement to obtain where a claim element is written as a means or step for performing a specified function, the accused device or method must have some means or step which performs the required function exactly, here, the function of generating or sending, inter alia, constant current pulses. See Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 934, 4 USPQ2d 1737, 1740 (Fed.Cir.1987), cert. denied, 108 S.Ct. 1226 (1988). That function is not performed in the PC device.
 
 
 3
 Since that limitation did not "read on" the accused device, ZMI had to prove that that limitation was met equivalently. ZMI, 844 F.2d at 1582, 6 USPQ2d at 1562. ZMI argued and offered evidence that PC's devices generate pulses that are "generally tolerable" and that the difference in the type of pulse was of no "clinical significance." We agree with the district court that general assertions are not a "legal substitute for proving that every limitation of ZMI's patent claims is met." Slip Op. at 33. Proof that the accused device achieves effective pacing at a level of pain tolerable to a conscious patient does not show that the truncated exponential pulse generated is equivalent to a constant current pulse and that PC's generation means is equivalent to the disclosed structure. Similarly, ZMI's arguments of "inherency" are no substitute for proof that there was a reduction in skeletal muscle contraction--proof that ZMI admits could have been secured--and further that such reduction was achieved by the accused device due to the truncated exponential pulse. Like the district court, we are unpersuaded that ZMI carried its burden of proof.
 
 
 4
 On the record of this case, at best, the devices have been shown to achieve the same overall result, and possibly that they perform substantially the same overall work, although the latter is debatable. Clearly, however, the record is deficient in establishing that the accused device works in substantially the same way, that is, that limitations not met exactly are met equivalently. Corning Glass Works v. SumitomoElec. U.S., Inc., 868 F.2d 1251, 1259, 9 USPQ2d 1962, 1967 (Fed.Cir.1989). Thus, the district court correctly held that PC did not infringe because ZMI failed to prove each claim limitation was met exactly or by a substantial equivalent in the PC device.
 
 Cross-appeal No. 89-1113
 
 5
 PC argues that the district court erred in ruling that the '030 patent was not invalid for obviousness or indefiniteness. Because we affirm the district court's judgment that ZMI failed to prove PC infringed the '030 patent, it is unnecessary to address these contentions. We believe it is appropriate however, to vacate the court's judgment with respect to validity. See Fonar Corp. v. Johnson & Johnson, 821 F.2d 627, 634, 3 USPQ2d 1109, 1114 (Fed.Cir.1987), cert. denied, 108 S.Ct. 751 (1988).
 
 COSTS
 
 6
 PC shall receive its costs.